UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALARIE JOHNSON,

    Plaintiff,

v.   Case No. 8:24-cv-1848-CPT

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**O R D E R**

    The Plaintiff seeks judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits (DIB).  For the reasons discussed below, the Commissioner's decision is affirmed.

I.

    The Plaintiff was born in 1956, obtained a college degree, and has past relevant work experience as a teacher's assistant.  (R. 36–38, 75).  In February 2022, the Plaintiff applied for DIB, alleging disability as of June 2021 due to sciatica, spondylosis, osteoarthritis, atherosclerosis, hypothyroidism, spinal stenosis, left drop foot, and degenerative disc disease.  *Id.* at 66, 73.  The Social Security Administration

(SSA) denied the Plaintiff's application both initially and on reconsideration. *Id*. at 65, 80.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in November 2023. *Id.* at 32–48, 123–25. The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. *Id.* at 32–48. A vocational expert (VE) also testified. *Id.*

In a decision issued in January 2024, the ALJ determined that the Plaintiff (1) had not engaged in substantial gainful activity since her alleged onset date in June 2021 through her date last insured of December 31, 2022; (2) had the severe impairments of aortic atherosclerosis, a thyroid nodule, and lumbar degenerative disc disease with sciatica; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[1] (4) had the residual functional capacity (RFC) to perform light work subject to various limitations; and (5) based on the VE's testimony, could engage in her past relevant work as a teacher's assistant through her date last insured. *Id.* at 10–24. In light of these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.* at 18.

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems considerable enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. 20 C.F.R. § 404.1520(a)(4)(iii); *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

2

The Appeals Council denied the Plaintiff's request for review. *Id.* at 1–6. Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To ascertain whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)). Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). In resolving whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence,

4

or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff's sole challenge on appeal is that the ALJ erred at step four in finding that the Plaintiff could perform her past relevant work as a teacher's assistant. (Doc. 20). After careful review of the parties' submissions and the record, the Court concludes that this challenge lacks merit.

As referenced above, the ALJ's task at step four includes ascertaining whether a claimant can engage in her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In rendering this assessment, an ALJ must consider all the aspects of the claimant's prior jobs and evaluate her ability to perform those aspects given her impairments. *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 953 (11th Cir. 2018) (per curiam) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). The Regulations provide that the ALJ may use a VE in deciding this issue because such experts are qualified to "'offer relevant evidence within [their] expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work[.]'" *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (per curiam) (quoting 20 C.F.R. § 404.1560(b)(2)). In the end, the burden is on a claimant to produce information and evidence regarding her employment background and to establish that she cannot

5

engage in her past relevant work. *Smith*, 743 F. App'x at 953–54; *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 831 (11th Cir. 2006) (per curiam); 20 C.F.R. § 404.1512(a)(1)(iv).

The Regulations define past relevant work as a claimant's past *kind* of work, not just the specific occupation she previously held. *Smith*, 743 F. App'x at 953 (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986); 20 C.F.R. § 404.1520(e)). Given this distinction, a claimant must demonstrate that she cannot satisfy the demands of the same position as she actually performed that position *and* as generally required by employers in the national economy. *Smith*, 743 F. App'x at 953–54 (citing *Jackson*, 801 F.2d at 1293–94); *Nava v. Berryhill*, 2019 WL 92620, at *8 (M.D. Fla. Jan. 3, 2019).

In this case, the Plaintiff tendered information about her prior jobs during her testimony at the hearing and in work history reports she submitted in connection with her application. (R. 38–40, 227–28, 320). With respect to her testimony, the Plaintiff advised, among other things, that she was employed as a teacher's assistant for fifteen years in both general education classes and at an "alternative school" and that her duties in those positions included walking around the classroom to monitor students and to see if they needed help with their assignments. *Id.* at 38–39. The Plaintiff further advised that she was frequently called upon to restrain children from hitting her or other children. *Id.* at 39–40.

In her work history reports, the Plaintiff stated that she served as a teacher's assistant in three different schools and that her responsibilities in her most recent stint

6

consisted of working with "disillusion[ed], wayward[,] and underprivileged" students, covering in-school suspensions, and serving as a substitute teacher. *Id.* at 258–60, 320. The Plaintiff further noted that she would reinforce instruction previously initiated by the teacher and would also furnish personalized attention and assistance to students to develop their skills. *Id.* at 320. According to the Plaintiff, all three of these jobs necessitated that she lift less than ten pounds, such as when she was called upon to transport books from one location to another. *Id.* at 259–61.

Based upon these representations, the VE classified the Plaintiff's past work as a teacher assistant as falling under code number 249.367-034 in the Dictionary of Occupational Titles (DOT).[4] *Id.* at 43. The VE characterized this position as involving light work and as having a specific vocational preparation (SVP) score of three.[5] *Id.* The VE opined that although the Plaintiff could no longer engage in her work as she performed it since she would periodically have to restrain students, which would exceed light work, a person with the Plaintiff's limitations could serve as a teacher assistant as that occupation was generally carried out in the national economy. *Id.* at 44. The VE observed in this regard that restraining children, while necessary at times, was frowned upon and that the need to take such action would depend upon the

---

[4] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.

[5] An SVP is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, *App'x C Components of the Definition Trailer* § II, 1991 WL 688702 (G.P.O. 4th ed. 1991). An SVP of three necessitates "[o]ver [one] month up to and including [three] months." *Id.*

7

community and the school in question. *Id.* at 46–47. The ALJ agreed with the VE's assessments and concluded that the Plaintiff could engage in the work of a teacher assistant—which he also referenced as being assigned DOT code number 249.367-034—as that job was generally performed. *Id.* at 18.

The Plaintiff now asserts that the ALJ's determination she could handle the teacher assistant position as it is described under DOT code number 249.367-034 is unsupported because that DOT code number pertains to an entirely different occupation—namely, that of "evaluator." (Doc. 20 at 4–5). While conceding that the ALJ and the VE miscited the DOT code number for the teacher assistant job, the Commissioner contends that this was nothing more than a mere oversight and that it is clear the ALJ and the VE meant to refer to the code number for the DOT's "teacher aide II" position, which is 249.367-0<u>7</u>4. (Doc. 22 at 5–8). The Court agrees with the Commissioner.

To begin, the nine digit codes for the "evaluator" and "teacher aide II" jobs differ by only a single digit. As a result, it is easy to see how an ALJ, a VE, or a lawyer might inadvertently confuse the two code numbers.

Further, there is no indication in the record that the Plaintiff ever worked as an evaluator. Indeed, the Plaintiff's sole prior employment discussed during the hearing was her longstanding position as a "teacher's assistant." (R. 38).

Relatedly, the job of evaluator bears no connection to the Plaintiff's former work. According to the DOT, an individual employed as an evaluator is charged with estimating the market value of items donated to vocational rehabilitation

8

organizations and compiling and mailing tax receipts to donors. *See* DOT #249.367-034, 1991 WL 672330 (G.P.O. 4th ed., rev. 1991). By contrast, the DOT defines a "teacher aide II" as a person who:

> [p]erforms any combination of following duties in [a] classroom to assist teaching staff of public or private elementary or secondary school: Takes attendance. Grades homework and tests, using answer sheets, and records results. Distributes teaching materials to students, such as textbooks, workbooks, or paper and pencils. Maintains order within school and on school grounds. Operates learning aids, such as film and slide projectors and tape recorders. Prepares requisitions for library materials and stockroom supplies. Types material and operates duplicating equipment to reproduce instructional materials.

DOT #249.367-074, 1991 WL 672337 (G.P.O. 4th ed., rev. 1991). In addition, consistent with the VE's hearing testimony, the DOT classifies the "teacher aide II" position as involving light work with an SVP level of three. *Id.*

In an effort to convince the Court to reach a different conclusion, the Plaintiff posits several arguments. The first is that "it cannot be assumed" the VE was referring to the "teacher aide II" position because the Plaintiff did not engage in "*most*" of the tasks outlined in that job description. (Doc. 20 at 5) (emphasis added). The DOT states, however, that a "teacher aide II" is one who "performs *any* combination" of the identified duties. *See* DOT #249.367-074, 1991 WL 672337 (G.P.O. 4th ed., rev. 1991) (emphasis added). The Plaintiff does not mention this introductory phrase, much less explain how her contention comports with it. Regardless, as noted earlier, the Plaintiff testified that she would walk around the classroom to "monitor" students, that she assisted with student disciplinary issues, and that she would carry textbooks.

9

R. 38–39, 258–60. These duties fairly fall within the ambit of the DOT's description of the "teacher aide II" position. *See* DOT #249.367-074, 1991 WL 672337 (G.P.O. 4th ed., rev. 1991) (commenting that the "teacher aide II" job includes "[d]istribut[ing] teaching materials to students, such as textbooks[ ]" and [m]aintain[ing] order within [the] school").

The Plaintiff alternatively asserts that instead of the "teacher aide II" job, the VE could possibly have been referring to two other occupations found in the DOT—namely, "teacher, emotionally impaired," DOT code #094.227-010, 1991 WL 646907, and "teacher, learning disabled," DOT code #094.227-030, 1991 WL 646910. The DOT code numbers for the "teacher, emotionally impaired" and "teacher, learning disabled" jobs, however, are not remotely close to the DOT code number cited by the ALJ and the VE, which—again—differs from the "teacher aide II" DOT code number by a mere digit.

Furthermore, as discussed above, the VE testified that the teacher assistant position he was considering had an SVP level of three (R. 43), which, as also noted above, is the same SVP level assigned to the "teacher aide II" occupation, *see* DOT #249.367-074, 1991 WL 672337 (G.P.O. 4th ed., rev. 1991). The "teacher, emotionally impaired" and "teacher, learning disabled" jobs, on the other hand, both have an SVP level of seven, which is a far cry from an SVP level of three. Moreover, it appears that the "teacher, emotionally impaired" and "teacher, learning disabled" jobs are for full-fledged teachers, not for teacher aides or assistants, which is how the Plaintiff herself describes her prior work in her memorandum. (Doc. 20 at 5).

Perhaps anticipating this latter issue, the Plaintiff lastly hypothesizes that the VE could conceivably have been referring to the "separate and distinct position[ ]" of "teacher *aide* for emotionally[ ] impaired or learning disabled children," which is not contained in the DOT. (Doc. 20 at 6) (emphasis added). This assertion is likewise unavailing. As referenced previously, the VE identified the occupation he had in mind by a specific DOT case number, which undermines the Plaintiff's contention that the VE was contemplating an occupation outside the DOT.

The most charitable gloss that can be given to this remaining theory is that the VE and the ALJ should have viewed the Plaintiff's teacher's assistant position as a "composite job." The SSA defines such a job as "ha[ving] 'significant elements of two or more occupations and, as such, [having] no counterpart in the DOT.'" *Smith*, 743 F. App'x at 954 (quoting SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)). Past relevant work may qualify as a composite job under this definition "'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'" *Id.* (quoting Program Operations Manual System DI 25005.020).

The problem with the composite job argument is that the Plaintiff did not object to the VE's classification of her past relevant work or otherwise pursue such a contention before the ALJ. A number of courts have ruled that a claimant's failure to contest an ALJ's assessment of her past relevant work precludes the claimant from raising that assertion on appeal. *See, e.g.*, *Sumlin v. Saul*, 2020 WL 7232240, at *8 (M.D. Fla. Nov. 23, 2020) (finding the claimant's past position was not a composite job in part because the claimant "did not object to the VE's testimony [at her hearing],

11

nor raise the possibility that her work was . . . a composite job"), *report and recommendation adopted*, 2020 WL 7229746 (M.D. Fla. Dec. 8, 2020); *Schmidt v. Comm'r of Soc. Sec.*, 2018 WL 3805863, at *6 (M.D. Fla. Aug. 10, 2018) (determining that the ALJ did not err in defining the claimant's past relevant work as including the position of accounting clerk where the claimant did not object to the VE's testimony that her past relevant work included this occupation); *Bechtold v. Massanari*, 152 F. Supp. 2d 1340, 1347 (M.D. Fla. 2001) ("[T]he Commissioner properly asserts that [the claimant] waived her right to raise [a composite job] argument [before the district court] by not presenting it to the administrative law judge[.]"), *aff'd*, 31 F. App'x 202 (11th Cir. 2001).

Along with the above deficiencies, the Plaintiff does not contend, much less establish, that she suffered any prejudice because the ALJ and the VE miscited the DOT case number for the teacher assistant position. *See Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 952–53 ("A claimant must show prejudice before we will find that a hearing violated the claimant's rights and thus remand to the Commissioner for reconsideration[, which] at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision.") (internal quotation marks and citations omitted). Nor could she do so. It is evident from the hearing transcript that in evaluating the Plaintiff's ability to engage in her past relevant work, Plaintiff's counsel, the ALJ, and the VE were all considering the position of teacher assistant and not the job of evaluator or some other occupation that the Plaintiff might belatedly

12

suggest at this juncture. *See Christmas v. Comm'r of Soc. Sec.*, 2018 WL 564548, at *9 (M.D. Fla. Jan. 26, 2018) (deeming a VE's reference to an incorrect DOT code to constitute harmless error where it was apparent that the VE misspoke and "the parties were not under any misapprehension as to the identified job") (citing *Pichette v. Barnhart*, 185 F. App'x 855, 856 (11th Cir. 2006)), *aff'd*, 791 F. App'x 854 (11th Cir. 2019) (per curiam).[6]

IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk of Court is directed to enter Judgment in the Defendant's favor, to terminate any pending motions, and to close the case.

---

[6] The Plaintiff mentions in passing that the ALJ's decision is also inadequately supported "because the [VE] was equivocal as to whether the job [the Plaintiff] performed[,] . . . at times, required greater than light exertional activity[ ] as it was generally performed in the national economy." (Doc. 20 at 6). The Plaintiff, however, does not provide any meaningful explanation or cite any authority to bolster this contention. As such, she has waived this challenge. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (concluding that a party abandons a claim when, among other things, she "raises it in a perfunctory manner without supporting arguments and authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner . . . are generally deemed to be waived.") (internal quotation marks and citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (finding that a party waived a contention "because he did not elaborate on th[e] claim or provide citation to authority about [it]") (citation omitted). Irrespective of the matter of waiver, this argument fails in any event because it essentially asks the Court to reweigh the VE's testimony, which the Court cannot do. *See Viverette*, 13 F.4th at 1314 ("In reviewing [an ALJ's decision] for substantial evidence, . . . [a court] may not decide the facts anew . . . [or] reweigh the evidence[.]") (internal quotation marks and citation omitted); *Carter*, 726 F. App'x at 739 (stating that in evaluating an ALJ's decision for substantial evidence, a reviewing court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence") (citation omitted).

SO ORDERED in Tampa, Florida, this 29th day of September 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record